U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 28 2016

TONY R. MOORE CLERK
BY _____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

c

| | |
|---|---|
| STEPHEN M. WYATT, <br> Petitioner | CIVIL ACTION NO. 1:16-CV-00528; <br> SEC. P |
| VERSUS | CHIEF JUDGE DRELL |
| ~~DARREL VANNEY~~ VANNOY, <br> Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2254) filed by *pro se* Petitioner Stephen M. Wyatt ("Wyatt") (#363960), proceeding *in forma pauperis*, on April 21, 2016. (Doc. 1). Wyatt challenges his 2011 conviction in the Ninth Judicial District Court, Rapides Parish, Louisiana.

I. Background

On April 12, 2011, Wyatt entered a guilty plea to four counts of carnal knowledge of a juvenile and one count of intentional exposure to the AIDS virus. (Docs. 1; 13-2, p. 17/100; 13-4, pp. 76-85/100). He was sentenced to forty years of imprisonment at hard labor. (Id.). Wyatt had originally been indicted for one count of aggravated rape, four counts of sexual battery, and four counts of intentional exposure to the AIDS virus on February 24, 2011. (Docs. 13-2, p. 2/100; 13-4, pp. 76-85/100).

Wyatt filed an application for post-conviction relief in the Ninth Judicial District Court, which was denied. He sought supervisory and remedial writs in the Third Circuit Court of Appeal, which were denied. His writ application to the

Louisiana Supreme Court was granted in part and denied in part. See <u>State ex rel. Wyatt v. State</u>, 2013-2061 (La. 4/11/14), 138 So.3d 611. The Louisiana Supreme Court ordered the district court to provide Wyatt with a copy of his guilty plea colloquy and to accept as timely any application filed within 60 days of Wyatt's receipt of the materials requested. (<u>Id.</u>).

Wyatt then filed a subsequent or supplemental application, which was also denied. His applications for supervisory and/or remedial writs were denied by the Third Circuit Court of Appeal and the Louisiana Supreme Court. See <u>State ex rel. Wyatt v. State</u>, 2015-0847 (La. 1/25/16), 183 So.3d 1282. The Louisiana Supreme Court noted that Wyatt failed to show he was denied the effective assistance of counsel during plea negotiations under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and that Wyatt's defective charging instrument claim was without merit. <u>Id.</u> Wyatt alleges, and Respondent agrees, that Wyatt has exhausted his available state court remedies. (Doc. 13-1).

In his § 2254 petition, Wyatt raises the ineffective assistance and defective charging instrument claims that were raised on post-conviction review.

II. <u>Law and Analysis</u>

    A. <u>Standard of review.</u>

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be considered only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. <u>See</u> 28 U.S.C. § 2254(a).

Under 28 U.S.C. § 2254, habeas relief is not available to a state prisoner with respect to a claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, pure questions of law and mixed questions of law and fact are reviewed under Section 2254(d)(1), and questions of fact are reviewed under Section 2254(d)(2). See Martin v. Cain, 246 F.3d 471, 475-76 (5th Cir.), cert. den., 534 U.S. 885 (2001), and cases cited therein.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Dowthitt v. Johnson, 230 F.3d 733, 740–41 (5th Cir. 2000) (quoting Williams v. Taylor, 529 U.S. 362 (2000)). "The 'contrary to' requirement refers to holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id. at 740. Under the "unreasonable application" clause, a federal habeas court may grant the writ only if the state court "identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies the principle to the facts of the prisoner's case." Id. at 741.

Section 2254(d)(2) speaks to factual determinations made by the state courts. Federal courts presume such determinations to be correct; however, a petitioner can rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

B.   The charging instrument was not defective.

Wyatt argues that his rights under the Sixth and Fourteenth Amendments were violated since the court was without jurisdiction to accept his guilty plea because the State of Louisiana did not amend the indictment in writing.

Wyatt cites La. C.Cr.P. art. 487 for the contention that a defendant, with the consent of the state, may plead guilty to a crime which is not responsive to the original bill of information. When this is done, the state must either file a new bill of information or amend the bill of information, and Wyatt argues that the amendment must be in writing.

Contrary to Wyatt's allegations, under Louisiana law, there is no need for the State to file a written amended indictment. La. C.Cr.P. art 487(b) states that:

> Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.

Although Wyatt cites cases in support of his argument, those cases were abrogated well before his guilty plea.[1] The Supreme Court of Louisiana has since held that the "trial judge is not without jurisdiction to accept a defendant's knowing and voluntary guilty plea simply because the plea is not responsive to that charged in the

---

[1] Wyatt cites State v. Cook, 372 So. 2d 1202 (La. 1979); State v. Johnson, 499 So.2d 244 (La. App. 2d Cir. 1986); State v. Gooden, 523 So. 2d 283 (La. App. 2d Cir. 12/20/00); and State v. Green, 269 So. 2d 460 (La. 1972).

4

bill of information and the district attorney has not amended the bill to conform to the plea." State v. Jackson, 2004-2863 (La. 11/29/05), 916 So.2d 1015, 1023. The court further clarified that "[w]e cannot infer a positive intent from this silence on the part of the legislature to impose an obligation to amend the bill, particularly an obligation that divests the trial courts of jurisdiction when it is not satisfied and that defeats the wishes and best interests of the defendant in making the plea." Id. at 1022. Thus, if a defendant's plea was knowing and voluntary, a failure to amend an otherwise valid bill of information would not deprive the district court of jurisdiction.

Wyatt does not claim that his charges were not amended, nor that he did not understand the amendments or agree to them, but rather that the proper procedure for writing the amendments was not followed. Wyatt simply contends that when the State elected to amend the bill of information to state a non-responsive charge, the amendment must be in writing.

However, Wyatt signed a "Plea of Guilty and Waiver of Rights" form acknowledging that he was freely and voluntarily pleading guilty. (Doc. 13-1, p. 17/100). The transcript of the guilty plea hearing, and the section which Wyatt cites to in his memorandum, shows that the judge detailed, and Wyatt was aware of, the previous charges of aggravated rape, sexual battery, and intentional exposure to the AIDs virus, and noted that Wyatt had previously entered a plea of not guilty to those charges. (Doc. 13-4, p. 76/100). The judge also noted — and Wyatt indicated understanding — that Wyatt was in court to change that plea to an amended charge of four counts of carnal knowledge of a juvenile, and one count of intentional exposure to the AIDS virus. (Id.). Wyatt stated that he had no objection to the amendment.

5

(Id.). Furthermore, Wyatt acknowledged that his attorney had gone over the guilty plea and waiver of rights form with him and that his attorney had explained his statutory and constitutional rights to him. (Id. at p. 77/100). Wyatt also acknowledged that he had not been pressured or threatened into accepting the plea agreement. (Id. at p 82/100).

The record clearly establishes that Wyatt was advised of and understood the consequences of his guilty plea. Therefore, since his plea was knowing and voluntary, the District Court had the jurisdiction to accept his plea, even though the charges were not responsive to those charged in the unamended bill of information. Wyatt presents no argument that he did not understand the amendments or that he did not agree to them. Wyatt's sole argument was that the procedure was defective. As that procedure was not defective, Wyatt's claim is without merit.

### C. Wyatt's right to effective assistance of counsel was not violated.

Wyatt argues that his Sixth Amendment rights to effective assistance of counsel were violated because of the failure of his counsel to object to the State's failure to amend the charge in writing.

To prevail on his claim, Wyatt must prove two elements: that counsel's performance was deficient and that those deficiencies were prejudicial. The same two part standard found in Strickland v. Washington applies to challenges to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 58 (1985). The first prong is satisfied by a showing that "counsel's representation fell below an objective standard of reasonableness." Hill v. Lockhart, 474 U.S. 52, 57 (1985) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)). To meet the second prong,

"[t]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

As noted above, the State's failure to amend the charge in writing was not procedurally defective. Therefore, Wyatt's counsel would not have been successful in objecting to the failure to amend the bill of information in writing. Furthermore, Wyatt was originally charged with a crime that carried a mandatory life sentence if convicted. Wyatt received a forty-year sentence pursuant to the plea agreement. Therefore, Wyatt has not established that his counsel's performance was deficient, and Wyatt is not entitled to relief on his claim.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Wyatt's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28 day of September, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge